UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| UNITED STATES OF AMERICA, | NO. CR-06-6023-EFS |
|---|---|
| Plaintiff, | |
| v. | **ORDER GRANTING IN PART DEFENDANT'S MOTION TO TEMPORARILY SUSPEND CONDITION OF RELEASE** |
| JORGE MAREZ-GARCIA, | |
| Defendant. | |

Before the Court, without oral argument, is Defendant Jorge Marez Garcia's Emergency Motion to Temporarily Suspend Condition of Release (Ct. Rec. 29). The Government responded it agreed to the motion so long as the U.S. Probation Officer agreed to the temporary suspension. (Ct. Rec. 31.) After reviewing the submitted material and discussing the motion with the assigned U.S. Probation Officer, the Court is fully informed and grants in part Defendant's motion.

Defendant did not specify which condition he was seeking to be temporarily suspended. After reviewing the Magistrate's Order of Probable Cause and Order of Release Following Detention Hearing (Ct. Rec. 19), the Court finds that three conditions -- Condition Nos. 1, 3, and 4 -- must be temporarily suspended in order for Defendant to travel to Spokane to be with Betty Jean Burnette while she is in the hospital

ORDER* 1

recovering from surgery and while recovering after release from the hospital. First, the condition that Defendant may have not contact with Betty Jean Burnette (outside of telephone contact) is temporarily suspended. Ms. Burnette spoke with the assigned U.S. Probation Officer and advised she wished to have Mr. Garcia present in Spokane with her during her recovery. Accordingly, given Ms. Burnette's medical condition and her permission to have contact with Mr. Garcia, the Court temporarily allows Mr. Garcia to have contact with Ms. Burnette. Yet, the condition that Defendant not have contact with Ms. Burnette's daughter is still in effect.

Second, the conditions that Defendant is subject to home confinement and participate in electronically monitored home confinement are temporarily suspended in order to allow Mr. Garcia to travel to Spokane. Defendant is allowed to travel to Spokane following the entry of this Order. While in Spokane, Defendant shall reside at Delores Schultz' residence. Defendant is not allowed to go to Ms. Burnette's apartment. Defendant shall return to the Tri-Cities on Thursday, June 29, 2006, no later than 4:00 p.m., at which time Defendant shall report to the Richland Probation Office.

Accordingly, **IT IS HEREBY ORDERED:** Defendant's Emergency Motion to Temporarily Suspend Condition of Release **(Ct. Rec. 29)** is **GRANTED. Conditions Nos. 1, 3, and 4** are modified as set forth above. Defendant is allowed to travel to Spokane following the entry of this Order. While in Spokane, Defendant shall reside at Delores Schultz' residence; Defendant is not allowed to go to Ms. Burnette's apartment and the condition that he not have contact with Ms. Burnette's daughter is still

in effect. Defendant shall return to the Tri-Cities no later than 4:00 p.m. on Thursday, June 29, 2006, at which time he shall report to the Richland Probation Office either in person or by phone (509-376-7467). Following his return, all conditions set forth in the Magistrate's release order (Ct. Rec. 19) remain in effect.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and to provide copies to counsel and the U.S. Probation Office.

**DATED** this 27th day of June, 2006.

                               s/Edward F. Shea
                               EDWARD F. SHEA
                         United States District Judge

Q:\Criminal\2006\6023.SRV.wpd

ORDER* 3